IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTRAY HALL, #Y38802, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 24-cv-01819-SMY |
| ) | |
| ANTHONY WILLS, ) | |
| C/O REID #5570,[1] ) | |
| C/O PEDRO, and ) | |
| C/O ROBERTS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Antray Hall, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was incarcerated at Menard Correctional Center (Docs. 1, 2). According to the IDOC's online records, Plaintiff is now incarcerated at Lawrence Correctional Center (the date of his transfer is unknown as Plaintiff has not submitted a notice of his change of address).[2] Plaintiff claims that defendants failed to protect him from threats of physical and sexual assault by other inmates. He seeks monetary damages and injunctive relief (Docs. 2, 15).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious,

---

[1] This defendant was originally identified as "C/O Reaves" (Doc. 1) before Plaintiff's claims were severed from the case he jointly filed with another Plaintiff, *Jenkins v. Wills*, Case No. 24-1488-DWD (S.D. Ill. filed June 12, 2024). Plaintiff then provided the correct name (Doc. 2). The Clerk is **DIRECTED** to correct Defendant Reid's name accordingly.

[2] IDOC Individual in Custody Search Page, https://idoc.illinois.gov/offender/inmatesearch.html (last visited April 15, 2025).

1

fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): On several occasions in April 2024, Plaintiff and former co-Plaintiff Kejuan Jenkins were placed in Menard's West House group shower with several "flamboyant homosexuals" who were naked and engaged in oral and anal sex in plain sight (Doc. 2, p. 6). This eventually escalated to an attempt to sexually assault Jenkins and a physical altercation between Plaintiff, Jenkins, and the aggressive inmates.

On April 7, 2024, Plaintiff and Jenkins informed C/O Reid, who oversaw the shower time, that they did not want to witness the other inmates' homosexual activity and asked whether any privacy measures, such as curtains, could be implemented. Reid responded that he likes what he sees and if Plaintiff didn't want to be watched or see activity he didn't like, he should not come to the shower.

The next day, April 8, 2024, Defendants C/O Roberts and C/O Pedro escorted Plaintiff and Jenkins to the shower. Inmates were again engaging in homosexual activity and asked if anybody else wanted to "join the party." *Id.* When Plaintiff and Jenkins declined, one of the inmates threatened to "beat your ass and take it" if they didn't join voluntarily. Plaintiff responded, "ain't nobody doing nothing to nobody…be cool[,] keep what you got going on over there and we will stay over here." *Id.* Several inmates began having anal sex on one side of the shower and called for Plaintiff and Jenkins to look at them. Defendants Pedro and Roberts, alerted by the noise, saw the activity and rooted for the inmates having sex to "beat that asshole" and go harder. Pedro told Plaintiff and Jenkins to join the fun, which they declined. When leaving the shower, Plaintiff told

2

Pedro and Roberts that this shower system was violating his PREA[3] rights and asked for curtains or a shower time separate from the homosexual inmates. Roberts replied he should either not come to showers or join the party and stop complaining. Plaintiff and Jenkins wrote to Warden/PREA Coordinator Wills on April 10, 2024 about the lack of privacy, pressure from homosexual inmates to engage in sex in the showers, and the defendants' failure to intervene, but got no response (Doc. 2, pp. 6, 13).

On April 28, 2024, Reid escorted Plaintiff and Jenkins to the shower. Once inside, three inmates surrounded Jenkins and attempted to rape him. Reid heard the commotion, looked into the shower, and told the inmates to get Jenkins. The three assailants began to punch Jenkins, whereupon Plaintiff and Jenkins got into a "physical altercation" with them. Reid broke up the fight but did not write any inmate a disciplinary ticket.

Plaintiff requests curtains and cameras to be installed in the West House showers and an immediate transfer and money damages for the "excessive force," negligence, and PREA rights violations (Doc. 2, p. 7).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| Count 1: | Eighth Amendment cruel and unusual punishment claim against Reid for the April 7, 2024 shower incident. |
| Count 2: | Eighth Amendment cruel and unusual punishment claim against Pedro and Roberts for the April 8, 2024 shower incident. |
| Count 3: | Eighth Amendment cruel and unusual punishment claim against Reid for the April 28, 2024 shower incident that escalated into a physical altercation. |
| Count 4: | State law negligence claim against Reid for allowing the April 28, 2024 shower incident to develop into a physical altercation. |

---

[3] Prison Rape Elimination Act.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Preliminary Dismissals

There is no private cause of action under PREA, nor is there a freestanding constitutional right to a PREA investigation under § 1983. *McRae v. Myers*, No. 22-1821, 2023 WL 2423590, at *3 (7th Cir. Mar. 9, 2023), *cert. denied*; *Walters v. Bello*, 2024 WL 3252508 at *3 (S.D. Ind. June 28, 2024). Therefore, Plaintiff's PREA claim is dismissed with prejudice.

To be held individually liable, "a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiff's factual allegations do not describe any personal involvement in the shower incidents on Warden Anthony Wills' part. Receipt of a letter complaining about the situation is not sufficient for liability to attach. Therefore, any claims against Warden Anthony Wills in his individual capacity are dismissed without prejudice. Further, as there is no apparent reason to retain Wills as a defendant in his official capacity, he will be dismissed from the case.

## Discussion

### Counts 1, 2, and 3

The Eighth Amendment prohibits subjecting prisoners to cruel and unusual punishment, such as the unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes v. Chapman*, 452

U.S. 337, 346 (1981). To state such a claim, a plaintiff must plead factual allegations indicating that he has been denied "the minimal civilized measure of life's necessities," creating an excessive risk to his health or physical safety. A complaint must also sufficiently allege that the defendant was deliberately indifferent to a substantial risk of serious harm to the inmate's health or safety. *Farmer*, 511 U.S. at 837, 842. The reckless exposure of a prisoner to a substantial risk of a serious physical injury may amount to an Eighth Amendment violation. *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011) (citation omitted).

Here, Plaintiff alleges that: Reid, Pedro, and Roberts intentionally placed him in the group shower with homosexual inmates who were openly engaging in sexual conduct; these defendants observed the sexual conduct and the attempts of the other inmates to force Plaintiff to join in against his will and allowed this to continue; Pedro and Roberts verbally encouraged the sexual conduct and told Plaintiff he should join in; and Reid saw the homosexual inmates attempting to rape Jenkins and rather than intervening, told them to "get" Jenkins. These allegations are sufficient at this stage to state colorable Eighth Amendment claims in Counts 1-3 against Reid, Pedro, and Roberts.

### Count 4

Plaintiff's state law negligence claim is based on the same facts underlying the constitutional claim in Count 3. Therefore, the Court will exercise supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a). Count 4 will also proceed against Reid.

### Motion for Emergency Relief/Preliminary Injunction (Doc. 15)

Plaintiff filed this motion on October 2, 2024, asserting that Defendant Reid threatened to have him physically harmed in retaliation for filing the instant lawsuit. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison,

the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Menard under the conditions described in the Complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009)). Accordingly, the Motion for Emergency Relief/Preliminary Injunction (Doc. 15) is **DENIED AS MOOT**.

## Disposition

The Clerk of Court is **DIRECTED** to correct Defendant C/O Reid's name in accordance with footnote #1.

The Complaint states colorable claims in Counts 1, 3, and 4 against Reid; and in Count 2 against Pedro and Roberts. Defendant Anthony Wills is **DISMISSED** from the case without prejudice.

The Clerk shall prepare for C/O Reid #5570, C/O Pedro, and C/O Roberts: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the

Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ORDERED** to submit written notice to the Clerk of Court providing his current address, **WITHIN 14 DAYS OF THE DATE OF THIS ORDER**. Plaintiff's notice should be mailed to: Clerk's Office, U.S. District Court, 750 Missouri Avenue, East St. Louis, IL 62201. If Plaintiff fails to timely submit his address, this case will be dismissed with prejudice for failure to prosecute and failure to comply with a Court Order, under Federal Rule of Civil Procedure 41(b). As a one-time courtesy, the Clerk is **DIRECTED** to mail this Order to Plaintiff, #Y38802, at Lawrence Correctional Center, as well as to his address of record.

Plaintiff is further **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

7

prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  April 15, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.