**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANTRAY HALL, #Y38802, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Case No. 24-cv-01819-SMY** |
| | ) | |
| STEVEN REID, | ) | |
| TYLER PEDROLEY, and | ) | |
| DALTON ROBERT, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

This matter is before the Court on Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 29). Plaintiff did not respond to the motion.[1] Given the undisputed material facts and grievances of record, the Court concludes it is not necessary to hold a hearing on the exhaustion issues raised in Defendants' motion. For the following reasons, the motion will be granted.

## BACKGROUND

Plaintiff Antray Hall is currently incarcerated at Lawrence Correctional Center. He filed this this *pro se* civil action pursuant to 42 U.S.C. § 1983 along with a fellow prisoner for alleged violations of his constitutional rights that occurred at Menard Correctional Center (Doc. 2). The Court severed Plaintiff's claims from those of his co-Plaintiff (Doc. 1) and Plaintiff chose to pursue this separate action (Doc. 3). Plaintiff claims defendants failed to protect him from other inmates'

---

[1] The Court ordered supplemental briefing (Doc. 33) regarding the applicability of *Perttu v. Richards*, 605 U.S. 460, 145 S. Ct. 1793 (June 18, 2025), which held that where a factual dispute on exhaustion is intertwined with a factual dispute that goes to the merits of the underlying substantive claim, a jury trial is required on the intertwined issue(s). Plaintiff did not respond to defendants' submission (Doc. 34). After reviewing defendants' response, the Court finds no issues of intertwinement requiring a jury trial on the exhaustion of administrative remedies in this case.

1

threats of physical and sexual assault.

Plaintiff makes the following allegations in the Complaint (Doc. 2):  On several occasions in April 2024, officers placed Plaintiff and Kejuan Jenkins into Menard's West House group shower with several "flamboyant homosexuals" who were naked and engaged in oral and anal sex in plain sight (Doc. 2, p. 6).  On April 7, 2024, Plaintiff and Jenkins told Defendant Reid (who supervised the showers) they did not want to witness the other inmates' homosexual activity. Plaintiff asked for curtains or other privacy measures.  Reid responded that he likes what he sees and if Plaintiff didn't want to be watched or see activity he didn't like, he should not come to the shower.

On April 8, 2024, Defendants Robert and Pedroley escorted Plaintiff and Jenkins to the shower.  Inmates were engaging in homosexual activity and asked others to "join the party."  *Id.* Plaintiff and Jenkins declined, and another inmate threatened to "beat your ass and take it" if they didn't join voluntarily.  Plaintiff responded, "ain't nobody doing nothing to nobody…be cool[,] keep what you got going on over there and we will stay over here."  *Id.*  Several inmates began having anal sex on one side of the shower and called for Plaintiff and Jenkins to look at them. Pedroley and Robert, alerted by the noise, saw the activity and rooted for the inmates having sex to "beat that asshole" and go harder.  Pedroley told Plaintiff and Jenkins to join the fun but they declined.  Upon leaving the shower, Plaintiff told Pedroley and Robert that these shower conditions violated his PREA[2] rights and asked for curtains or a shower time separate from the homosexual inmates.  Robert responded he should either not shower or join the party and stop complaining. On April 10, 2024, Plaintiff and Jenkins wrote to Warden/PREA Coordinator Wills, informing him of the lack of privacy, pressure from homosexual inmates to engage in sex in the showers, and

---

[2] Prison Rape Elimination Act.

the defendants' failure to intervene, but got no response (Doc. 2, pp. 6, 13).

On April 28, 2024, Reid escorted Plaintiff and Jenkins to the shower.  Three inmates surrounded Jenkins and attempted to rape him.  Reid heard the commotion, looked into the shower, and told the inmates to get Jenkins.  The three assailants began to punch Jenkins, leading to a "physical altercation" between Plaintiff, Jenkins, and the aggressors.  Reid broke up the fight but did not issue any disciplinary tickets.

Following preliminary review of the Complaint (Doc. 2) under 28 U.S.C. § 1915A, Plaintiff is proceeding on the following claims (Doc. 16, pp. 3-5):

| | | |
|---|---|---|
| Count 1: | Eighth Amendment cruel and unusual punishment claim against Reid for the April 7, 2024 shower incident. | |
| Count 2: | Eighth Amendment cruel and unusual punishment claim against Pedroley and Robert for the April 8, 2024 shower incident. | |
| Count 3: | Eighth Amendment cruel and unusual punishment claim against Reid for the April 28, 2024 shower incident that escalated into a physical altercation. | |
| Count 4: | State law negligence claim against Reid for allowing the April 28, 2024 shower incident to develop into a physical altercation. | |

### Grievances Exhausted in 2024

Defendants identify two grievances filed by Plaintiff during the 2024 calendar year that were appealed to the Administrative Review Board ("ARB") (Doc. 29-4, p. 1; Doc. 31-1, pp. 3-4).  They also provided copies of Plaintiff's other grievances filed during 2024 (Doc. 29-5).

### *Grievance No. K4-0424-1949, Dated April 18, 2024* (Doc. 29-4, pp. 4-5)

Plaintiff filed this emergency grievance to complain about a cancelled medical writ, asking that it be rescheduled.  It was expedited as an emergency and deemed "mixed" (Doc. 29-4, p. 3).  Plaintiff's appeal to the ARB was denied on June 6, 2024 (Doc, 29-4, p. 2).

***Grievance No. K4-0224-0825, Dated Feb. 5, 2024 (Doc. 29-4, pp. 8-9)***

This grievance also requested medical care for Plaintiff's chest pain and was expedited as an emergency (Doc. 29-4, p. 8). It was denied on May 14, 2024 (Doc. 29-4, p. 7). The ARB denied Plaintiff's appeal on June 6, 2024 (Doc. 29-4, p. 6).

## DISCUSSION

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *See Celotex*, 477 U.S. at 323. A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011); *see also Crouch v. Brown*, 27 F.4th 1315, 1320 (7th Cir. 2022).

For a prisoner to properly exhaust his administrative remedies, he or she must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Exhaustion must be fully completed before the prisoner files suit; a case filed while a grievance appeal is still ongoing is premature and must be dismissed without prejudice. *Chambers v. Sood*,

4

956 F.3d 979, 984 (7th Cir. 2020); *see* also *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because Plaintiff was an IDOC inmate when he filed this action, he was required to follow the grievance process set forth in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, *et seq*. (2017). Under IDOC's procedure, an inmate initiates a grievance with his counselor, and he may then submit his grievance to a grievance officer at his facility, and to the Chief Administrative Officer ("CAO") at his facility. "A grievance must be filed...within 60 days after the discovery of the incident, occurrence or problem that gives rise to the grievance." 20 ILL. ADMIN. CODE § 504.810(a). A grievance must "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(c). If the prisoner does not know a person's name, he "must include as much descriptive information about the individual as possible." *Id.* If an inmate is unsatisfied with the outcome at the facility, he must appeal to the ARB within 30 days. 20 ILL. ADMIN. CODE § 504.850(a).

An inmate is required to exhaust only those administrative remedies that are available to him. *See Ross v. Blake*, 578 U.S. 632, 642 (2016). Administrative remedies become "unavailable" when prison officials fail to respond to a properly filed inmate grievance or when prison employees thwart a prisoner from exhausting. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Dole*, 438 F.3d at 809.

Defendants have satisfied their burden to demonstrate the lack of any factual dispute on whether Plaintiff exhausted his claims through the prison grievance procedure. Plaintiff filed numerous grievances at Menard during 2024, but the record is devoid of any grievances, exhausted or unexhausted, in which Plaintiff complained about the April 2024 shower incidents described in the Complaint.

Plaintiff was given the opportunity to dispute defendants' factual assertions, but did not respond or provide a statement, documentation, or declaration demonstrating that he attempted to exhaust his claims. As such, Defendants are entitled to summary judgment in their favor.

### DISPOSITION

The Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 29) is **GRANTED**. This case is **DISMISSED** without prejudice in its entirety for Plaintiff's failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: June 12, 2026**

_____
**Staci M. Yandle**
**Chief U.S. District Judge**

6